UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT FENN and ANDRITA KING,**

            **Plaintiffs,**

**v.**                                                                     Case No.  6:19-cv-714-Orl-37GJK

**OCWEN LOAN SERVICING LLC,**

            **Defendant.**
_____

## REPORT AND RECOMMENDATION

    This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **AMENDED APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 10)** |
| **FILED:** | June 17, 2019 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED, and the case be DISMISSED with leave to amend the complaint**. | |

| | |
|---|---|
| **MOTION:** | **AMENDED APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 11)** |
| **FILED:** | June 17, 2019 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED, and the case be DISMISSED with leave to amend the complaint**. | |

On April 15, 2019, pro se Plaintiffs filed their complaint against Defendant. Doc. No. 1. On the same day, Plaintiffs filed Applications to Proceed in District Court Without Prepaying Fees or Costs (the "Applications"). Doc. Nos. 2, 3. The Applications were stricken for containing a minor's full name. Doc. No. 6. On June 17, 2019, the Plaintiffs filed Amended Applications to Proceed in District Court Without Prepaying Fees or Costs (the "Amended Applications"). Doc. Nos. 10, 11.

The United States Congress has required that the district court review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915.[1] The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (2010).[2]

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or sua sponte, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*,

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

[2] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3).

2

547 F.2d 290, 290 n.1 (5th Cir. 1977)).[3] "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *Id.*

The Local Rules of the United States District Court for the Middle District of Florida govern proceedings *in forma pauperis*. Local Rule 4.07. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07(a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). Thus, the undersigned is tasked with reviewing the Amended Applications and complaint to determine whether there is subject matter jurisdiction, whether the allegation of poverty is untrue, and whether the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Plaintiffs allege that Defendant falsely represented to them that they were approved for a loan modification trial plan regarding their mortgage. Doc. No. 1. They assert that they timely made payments under the loan modification plan, but did not receive a loan modification as Defendant promised. *Id.* at ¶ 2. Plaintiffs contend that Defendant knew or should have known that its representations that it could modify the loan were false because Defendant knew that the mortgage was the subject of a 2012 final foreclosure judgment that would bar modifying the mortgage. *Id.* at ¶ 4. Plaintiffs assert claims under the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes

---

[3] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

sections 501.201-501.213 ("FDUTPA"); Florida's civil theft statute, section 812.014; and a claim labeled "Violation of Mortgage Assistance Relief Services MARS Rule 12 C.F.R. 1015." *Id.* at 8-14.

Plaintiffs fail to state any factual allegations providing a basis for federal jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ."); 28 U.S.C. §§ 1331, 1332 (setting forth the bases for federal question and diversity jurisdiction in the federal district courts). Plaintiffs do not allege diversity jurisdiction. They allege the following: (1) they reside in and are citizens of Florida; (2) Defendant's principal place of business is in Florida, and (3) Defendant transacted business in Florida. Doc. No. 1 at ¶¶ 5-8.

Plaintiffs also do not present a federal question in the Complaint. Regarding the claim implicating 12 C.F.R. 1015, Plaintiffs seek remedies for the violations under FDUTPA, Doc. No. 1 at ¶¶ 66, 67, and the claim is substantially predominated by the claims brought under FDUTPA and Florida's civil theft statute. Thus, the Court should decline to exercise supplemental jurisdiction over the claims brought under Florida law. 28 U.S.C. § 1367(c)(2) (courts may decline to exercise supplemental jurisdiction over state claims when the state claims substantially predominate the claim over which the court has original jurisdiction).

Ordinarily, a pro se party should be given one opportunity to file an amended complaint that states a claim within this Court's subject-matter jurisdiction on which relief could be granted. *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). In an amended complaint, Plaintiffs must clearly allege the legal basis of the cause of action (whether a constitutional provision, treaty, statute, or common law) and the state citizenship of the parties. Plaintiffs

4

should not include argument in the amended complaint. Plaintiffs may file a renewed motion to proceed *in forma pauperis* with an amended complaint.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Amended Applications (Doc. Nos. 10, 11);

2. **DISMISS** the case; and

3. Grant Plaintiffs leave to file an amended complaint within a time established by the Court along with a renewed motion to proceed *in forma pauperis*, with the warning that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida, on July 15, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Unrepresented party